LMK ENTERPRISES, INC. *v.* SUN OIL
COMPANY ET AL.
(AC 24619)

Foti, Flynn and DiPentima, Js.

 

Argued September 17—officially released December 7, 2004

*William F. Gallagher*, with whom, on the brief, were *Barbara L. Cox* and *Benson A. Snaider*, for the appellant (plaintiff).

*William J. O'Sullivan*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, LMK Enterprises, Inc. (LMK), appeals from the trial court's judgment of dismissal rendered pursuant to Practice Book § 15-8.[1] LMK claims that the court improperly determined that the lease provision at issue was unambiguous in that it clearly provided that LMK had no right to any part

---

[1] Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

of the condemnation award made upon the taking of defendant Sun Oil Company's (Sunoco)[2] property by the Connecticut commissioner of transportation (commissioner). It is the plaintiff's contention that the lease provision unambiguously gives it a right to a portion of the condemnation award. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The following facts are undisputed. On or about June 29, 1998, LMK purchased the right to operate a Sunoco gasoline station and APlus convenience store, located at 71 Frontage Road in East Haven, from a third party for the sum of $175,000. In connection therewith, LMK took an assignment of the third party's interest in a lease and franchise agreement with Sunoco. Effective June 1, 1999, LMK and Sunoco entered into an "APlus Premises Lease"[3] for a term of five years. Paragraph 2.15 of that lease provided: "(A) Should Premises, in whole or in part, be condemned or otherwise taken pursuant to power of eminent domain, Sunoco may terminate this Lease at any time thereafter upon notice to you. (B) You shall have no claim to any portion of a condemnation award payable to Sunoco with respect to Premises; provided, however, you may be entitled to any separate award payable to you for taking of your Leasehold interest, loss of business opportunity or good will." LMK properly recorded its leasehold interest in the premises.

On January 25, 2002, the commissioner condemned the property and took title thereto pursuant to the power of eminent domain. The commissioner filed a notice of assessment of damages in the Superior Court in the judicial district of New Haven, and deposited the

[2] The town of East Haven and the Connecticut commissioner of transportation were also named as defendants pursuant to General Statutes § 48-21. The plaintiff asserted no claim against them.

[3] An "APlus Premises Lease" is a Sunoco lease covering both a gasoline station and a convenience store.

sum of $545,800 with the court as compensation for the taking.[4] Of that deposit, $275,000 remains in escrow pending the outcome of this case. LMK continued to operate the business at the premises following the condemnation until about November 22, 2002.

On April 22, 2002, LMK brought suit pursuant to General Statutes § 48-21,[5] invoking paragraph 2.15 (B) of the lease to claim a portion of the deposit for the taking of its leasehold interest, the loss of business opportunity and the loss of good will. By amended complaint dated March 12, 2003, LMK expanded its one count complaint to five counts, alleging that it is entitled to a portion of the deposit (1) as compensation for the taking of its leasehold interest, (2) to the extent that its presence enhanced the value of the condemned property, (3) under the terms of the lease, (4) because the relevant terms of the lease are unenforceable as against public policy because the lease is a contract of adhesion and (5) because Sunoco breached the lease by failing to compensate LMK for the loss of its leasehold interest, business opportunity and good will.

On August 20, 2003, the first day of trial, Sunoco filed a motion in limine to preclude the introduction of parol evidence regarding the meaning of paragraph 2.15 of the lease. That same day, the court granted the motion. In so ruling, the court held that, as a matter of law, there was no ambiguity in the lease provision regarding condemnation awards, that the provision barred LMK from receiving any portion of the deposit as compensa-

[4] Sunoco appealed from the commissioner's assessment of damages and was awarded an additional $259,200, bringing the total amount of compensation to $805,000.

[5] General Statutes § 48-21 permits a party with a mortgage, lien or other encumbrance on property condemned or taken by eminent domain to bring suit where there is a dispute as to the amount due that party from the damages or condemnation award payable for the taking of the subject property.

tion for its lost leasehold and that, therefore, parol evidence would not be permitted. LMK conceded that, as a result of the court's finding in favor of Sunoco that the provision was unambiguous, it had no way to prove damages or an entitlement to any part of the deposit. Therefore, after making an oral offer of proof to preserve the record, LMK rested its case. Sunoco immediately moved for a judgment of dismissal pursuant to Practice Book § 15-8, which the court summarily granted. This appeal followed.

On appeal, the dispositive issue raised by the plaintiff is whether the court properly concluded that paragraph 2.15 of the lease was unambiguous in that it barred LMK from receiving any part of the deposit made upon the taking of Sunoco's property. LMK argues that the court's construction of the lease failed to give effect to every provision in light of the ordinary meaning of the language and the applicable condemnation law. We agree.

Whether a contractual provision is ambiguous presents a question of law. *Detels* v. *Detels*, 79 Conn. App. 467, 472, 830 A.2d 381 (2003). Our review of the trial court's legal conclusions is plenary. *Empire Paving, Inc.* v. *Milford*, 57 Conn. App. 261, 265, 747 A.2d 1063 (2000).

When construing a lease, we bear in mind three fundamental principles: "(1) The intention of the parties is controlling and must be gathered from the language of the lease in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special meaning is clearly intended; (3) the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Internal quotation marks omitted.) *B & D Associates, Inc.* v. *Russell*, 73 Conn. App. 66, 70, 807

A.2d 1001 (2002). Where contract language is clear and unambiguous, the question of contractual intent presents a question of law for the court; otherwise, the question of contractual intent is one of fact for the ultimate fact finder. Id., 71. A finding of ambiguity must rest on the contractual language used. "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) Id.

LMK claims that paragraph 2.15 (B) of the lease between it and Sunoco unambiguously gives LMK a right to a portion of the deposit made by the commissioner for the taking of Sunoco's property. Paragraph 2.15 (B) reads: "You shall have no claim to any *portion of a condemnation award payable to Sunoco* with respect to Premises; provided, however, you may be entitled to any *separate award payable to you* for taking of your Leasehold interest, loss of business opportunity or good will." (Emphasis added.) LMK argues that, viewed properly in the context of Connecticut condemnation law, the deposit is not "payable to Sunoco," but rather to all persons having an interest in the condemned land and that any payment made to LMK out of the deposit for the loss of its leasehold is a "separate award payable to [it]." As a general matter, parties are presumed to have contracted with knowledge of the existing law, and contract language must be interpreted in reference thereto. See *Hatcho Corp.* v. *Della Pietra,* 195 Conn. 18, 21, 485 A.2d 1285 (1985). "Unless the agreement indicates otherwise, a statute existing at the time an agreement is executed becomes part of it and must be read into it just as if an express provision to that effect were inserted therein." Id.

General Statutes § 13a-73 (b) provides in relevant part: "The commissioner may take any land he finds necessary for the layout, alteration, extension, widening, change of grade or improvement of any state highway . . . and the owner of such land shall be paid by the state for all damages . . . . The assessment of such damages . . . shall be made by the commissioner and filed by him with the clerk of the superior court in the judicial district in which the land affected is located, and such clerk shall give notice of such assessment to each person having an interest of record therein . . . ." Further, General Statutes § 48-21 provides in relevant part that "[i]n any proceeding brought under the provisions of subsection (b) . . . of section 13a-73 . . . notice shall be given to all persons appearing of record as holders of any mortgage, lien or other encumbrance on any real estate or interest therein which is to be taken by right of eminent domain or by condemnation proceedings . . . and the amount due any such mortgagee, lienor or other encumbrancer, not exceeding the amount to be paid for such property, shall be paid to him according to priority of claims, before any sum is paid to any owner of such property. . . ." This language, LMK argues, clearly makes the deposit payable to all holders of an interest in the condemned property, and not "payable to Sunoco" only. It therefore follows that any payment from the deposit to LMK as an encumbrancer for its lost leasehold is a "separate award payable to [it]."

We agree that the statutory language is clear that the deposit, although made for the purpose of compensating the owner of the condemned property, is not "payable to" the owner, but rather to all parties with a recorded interest in the property. Furthermore, any payment from the deposit due an encumbrancer like LMK is due before payment is made to an owner like Sunoco, and thus cannot rightly be considered a "portion of a

condemnation award payable to Sunoco." In addition, any payment due LMK as an encumbrancer is properly regarded as a "separate award" under the lease. The portion of the award payable to LMK is not shared with Sunoco, but rather is independent from "any portion of the condemnation award payable to Sunoco." Thus it is "a separate award payable" to LMK because payment for the loss of LMK's leasehold is distinct in that it is kept apart from the payment to Sunoco for its loss of ownership. The only plausible meaning of paragraph 2.15 of the lease, when considered in its entirety and in light of the relevant condemnation law, is that LMK has a right to that portion of the deposit payable to it for the taking of its leasehold interest in the condemned property. We accordingly conclude that the disputed lease provision is unambiguous as a matter of law in that it directs that LMK receive a separate payment from the deposit for the loss of its leasehold. See *B & D Associates, Inc.* v. *Russell*, supra, 73 Conn. App. 71.

Sunoco appears to argue as an alternative ground for affirmance that LMK's claim does not properly fall under § 48-21 because LMK seeks damages for loss of business opportunity and good will and not for the loss of its leasehold. This claim is not properly before this court because it was neither addressed nor decided by the trial court at the time it granted the motion in limine and the motion for judgment of dismissal, which provide the grounds for this appeal. See *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 33, 727 A.2d 204 (1999). We therefore decline to address it.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.